# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON VINCENT, et al., | CASE NO. CV F 09-1825 LJO DLB |
| Plaintiffs, | **ORDER ON DEFENDANT'S F.R.Civ.P. 12 MOTION TO DISMISS** |
| vs. | (Doc. 5.) |
| WELLS FARGO BANK, | |
| Defendant. / | |

## INTRODUCTION

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), seeks to dismiss as legally barred plaintiffs Ron Vincent and Susan Vincent's (collectively "plaintiffs'") lender liability claims arising from Wells Fargo's failure to inspect plaintiffs' Modesto property ("property") prior to their property purchase with a Wells Fargo loan. Plaintiffs filed no papers to oppose dismissal of their claims. This Court considered Well Fargo's F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the December 1, 2009 hearing, pursuant to Local Rule 78-230(c), (h). For the reasons discussed below, this Court DISMISSES this action.

## BACKGROUND

Plaintiffs are husband and wife and own the property. Plaintiffs' complaint[1] alleges that under the Federal Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), Wells Fargo was

---

[1] Plaintiffs filed their complaint on September 10, 2009 in Stanislaus County Superior Court prior to Wells Fargo's removal to this Court.

obligated to inspect and detect deficiencies in the property and which if discovered would provide plaintiffs "with necessary information as to whether it was financially feasible to purchase the Property." The complaint further alleges that Wells Fargo's failure to perform the "necessary inspections" resulted in non-disclosure of numerous defects "which, if known, would have affected the desirability and purchase price of the Property" to avoid plaintiffs' expenditure of "large sums of money to repair the Property." The complaint suggests that plaintiffs would have invested "their money elsewhere in another property" with inspection and disclosure of deficiencies.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion Standards

Wells Fargo contends that plaintiffs' claims are barred by California and federal law to warrant dismissal.

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911

F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court recently explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.
>
> . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Citation omitted.)

With these standards in mind, this Court turns to Wells Fargo's challenges to plaintiffs' claims.

## **California Law – Lender Liability**

The complaint alleges that "the duty to inspect" is "an ethical obligation, a legal obligation and a fiduciary obligation." Wells Fargo notes that under California law, "lenders do not owe their borrowers a duty of care."

### *Legal Duty*

"The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333, 1339, 78 Cal.Rptr.2d 525 (1998) (citation omitted). "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1095, 283 Cal.Rptr. 53 (1991). "The existence of a legal duty to use reasonable care in a particular

factual situation is a question of law for the court to decide." *Vasquez v. Residential Investments, Inc.*, 118 Cal.App.4th 269, 278, 12 Cal.Rptr.3d 846 (2004) (citation omitted).

"The 'legal duty' of care may be of two general types: (a) the duty of a person to use ordinary care in activities from which harm might reasonably be anticipated [, or] (b) [a]n affirmative duty where the person occupies a particular relationship to others. . . . In the first situation, he is not liable unless he is actively careless; in the second, he may be liable for failure to act affirmatively to prevent harm." *McGettigan v. Bay Area Rapid Transit Dist.*, 57 Cal.App.4th 1011, 1016-1017, 67 Cal.Rptr.2d 516 (1997).

There is no actionable duty between a lender and borrower in that loan transactions are arms-length. A lender "owes no duty of care to the [borrowers] in approving their loan. Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Wagner v. Benson*, 101 Cal.App.3d 27, 35, 161 Cal.Rptr. 516 (1980) (citing several cases). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal.App.3d at 1096, 283 Cal.Rptr. 53.

"Public policy does not impose upon the Bank absolute liability for the hardships which may befall the [borrower] it finances." *Wagner*, 101 Cal.App.3d at 34, 161 Cal.Rptr. 516. The success of a borrower's investment "is not a benefit of the loan agreement which the Bank is under a duty to protect." *Wagner*, 101 Cal.App.3d at 34, 161 Cal.Rptr. 516 (lender lacked duty to disclose "any information it may have had").

The complaint alleges no facts of Wells Fargo's cognizable duty to plaintiffs to support a negligence claim. "No such duty exists" for a lender "to determine the borrower's ability to repay the loan. . . . The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's." *Renteria v. United States*, 452 F.Supp.2d 910, 922-923 (D. Ariz. 2006) (borrowers "had to rely on their own judgment and risk assessment to determine whether or not to accept the loan"). The complaint lacks facts of special circumstances to impose duties on Wells Fargo in that the complaint depicts an arms-length loan transaction, nothing more. The complaint fails

1  to substantiate a special lending relationship or an actionable breach of duty to substantiate a negligence
2  claim.

### *Fiduciary Duty*

4  Wells Fargo argues that since it "simply loaned plaintiffs the money" to buy the property it is
5  subject to no fiduciary duty.

6  "[T]o plead a cause of action for breach of fiduciary duty, there must be shown the existence of
7  a fiduciary relationship, its breach, and damage proximately caused by that breach. The absence of any
8  one of these elements is fatal to the cause of action." *Pierce v. Lyman*, 1 Cal.App.4th 1093, 1101, 3
9  Cal.Rptr.2d 236 (1991).

10  "The relationship between a lending institution and its borrower-client is not fiduciary in nature."
11  *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1093, n. 1, 283 Cal.Rptr. 53 (1991)
12  (citing *Price v. Wells Fargo Bank,* 213 Cal.App.3d 465, 476-478, 261 Cal.Rptr. 735 (1989)).  A
13  commercial lender is entitled to pursue its own economic interests in a loan transaction. *Nymark*, 231
14  Cal.App.3d at 1093, n. 1, 283 Cal.Rptr. 53(citing *Kruse v. Bank of America,* 202 Cal.App.3d 38, 67, 248
15  Cal.Rptr. 217 (1988)).

16  Absent "special circumstances" a loan transaction is "at arms-length and there is no fiduciary
17  relationship between the borrower and lender." *Oaks Management Corp. v. Superior Court*, 145
18  Cal.App.4th 453, 466, 51 Cal.Rptr.3d 561 (2006) ("the bank is in no sense a true fiduciary"); *see
19  Downey v. Humphreys,* 102 Cal.App.2d 323, 332, 227 Cal.Rptr. 484 (1951) ("A debt is not a trust and
20  there is not a fiduciary relation between debtor and creditor as such."). "[A]s a general rule, a financial
21  institution owes no duty of care to a borrower when the institution's involvement in the loan transaction
22  does not exceed the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal.App.3d
23  at 1096, 283 Cal.Rptr. 53.

24  The complaint alleges no facts to support a fiduciary relationship.  The complaint's mere
25  reference to "fiduciary obligation" is insufficient to impose a fiduciary relationship on Wells Fargo.

### **Federal Law – FIRREA**

27  Wells Fargo notes that the only section of FIRREA upon which plaintiffs could rely is 12 U.S.C.
28  / / /

§ 3331,[2] which requires qualified written appraisals in certain transactions, and Federal Deposit Insurance Corporation ("FDIC") regulations. Wells Fargo contends that the FDIC regulations do not require inspections per se in that "they require qualified appraisals by someone not affiliated with the lender." Wells Fargo continues that even assuming that an appraisal required a duty to inspect, such duty falls on the appraiser, not Wells Fargo.

Wells Fargo notes that the FDIC regulations do not provide for a private right of action. Wells Fargo points to the enforcement mechanism of 12 C.F.R. § 323.7, which provides:

> Institutions and institution-affiliated parties, including staff appraisers and fee appraisers, may be subject to removal and/or prohibition orders, cease and desist orders, and the imposition of civil money penalties pursuant to the Federal Deposit Insurance Act, 12 U.S.C. 1811 et seq., as amended, or other applicable law.

"Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286, 121 S.Ct. 1511 (2001).

Wells Fargo concludes that the purpose of 12 U.S.C. § 3331 and FDIC regulations is to "rein in irresponsible lending which had caused huge losses to FDIC, not to protect borrowers who made unwise investments."

No apparent federal statute or regulation imposes on Wells Fargo duties which the complaint alleges. This Court construes plaintiffs' failure to oppose dismissal as their concession of the absence of a federal claim against Wells Fargo. In the absence of supporting law, plaintiffs lack a FIRREA or other federal claim against Wells Fargo.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action against Wells Fargo;

---

[2] 12 U.S.C. § 3331 provides:

The purpose of this chapter is to provide that Federal financial and public policy interests in real estate related transactions will be protected by requiring that real estate appraisals utilized in connection with federally related transactions are performed in writing, in accordance with uniform standards, by individuals whose competency has been demonstrated and whose professional conduct will be subject to effective supervision.

2.  DIRECTS the clerk to enter judgment in favor of Wells Fargo Bank, N.A., and against plaintiffs Ron Vincent and Susan Vincent; and

3.  FURTHER DIRECTS the clerk to close this action.

IT IS SO ORDERED.

Dated:   **November 18, 2009**                      **/s/ Lawrence J. O'Neill**
                                                                           UNITED STATES DISTRICT JUDGE