IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON VINCENT, et al., | CASE NO. CV F 09-1825 LJO DLB |
| Plaintiffs, | **ORDER ON PLAINTIFFS' F.R.Civ.P. 60(b) MOTION FOR RELIEF FROM JUDGMENT** |
| vs. | (Doc. 9.) |
| WELLS FARGO BANK, | |
| Defendant. | |

**INTRODUCTION**

Plaintiffs Ron Vincent ("Mr. Vincent") and Susan Vincent ("Mrs. Vincent") seek relief from final judgment in defendant Wells Fargo Bank's ("Wells Fargo's") favor on Mr. and Mrs. Vincent's lender liability claims arising from Wells Fargo's failure to inspect Mr. and Mrs. Vincent's Modesto property ("property") prior to their property purchase with a Wells Fargo loan. Michael Abbott ("Mr. Abbott"), Mr. and Mrs. Vincent's counsel, claims he was not served with Wells Fargo's motion to dismiss papers which resulted in the judgment, although this Court's records reflect that he was registered with this Court's electronic filing system and that Wells Fargo's moving papers were served on his registered email address. Wells Fargo contends that requested relief from judgment is untimely, unsupported and unwarranted, especially given that Mr. and Mrs. Vincent lack a viable claim. This Court considered Mr. and Mrs. Vincent's F.R.Civ.P. 60(b) motion for relief from judgment on the

record[1] and VACATES the September 1, 2010 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DENIES Mr. and Mrs. Vincent relief from judgment.

## BACKGROUND

### Mr. And Mrs. Vincent's Claims

Mr. and Mrs. Vincent are married and own the property. On September 10, 2009, they filed their complaint in Stanislaus County Superior Court, and Wells Fargo removed the action to this Court on October 16, 2009. The complaint alleges that under the Federal Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. §§ 3331, et al., Wells Fargo was obligated to inspect and detect deficiencies in the property and which if discovered would provide Mr. and Mrs. Vincent "with necessary information as to whether it was financially feasible to purchase the Property." The complaint further alleges that Wells Fargo's failure to perform the "necessary inspections" resulted in non-disclosure of numerous defects "which, if known, would have affected the desirability and purchase price of the Property" to avoid plaintiffs' expenditure of "large sums of money to repair the Property."

### Dismissal Of Mr. And Mrs. Vincent's Action

On October 23, 2009, Wells Fargo filed its moving papers to dismiss Mr. and Mrs. Vincent's claims as legally barred. The moving papers' certificate of service indicates that the moving papers were "Served Electronically via the Court's CM/ECF System" on Mr. Abbott. This Court's Notice of Electronic Filing indicates that the moving papers were served electronically on "michaelabbott@mindspring.com." In his declaration, defense counsel states: "Our office electronically served that motion on Michael Abbott, counsel for plaintiffs, via the court's CM/ECF system (michaelabbott@mindspring.com).

The moving papers set a December 1, 2009 hearing date. Former Local Rule 78-230(c)[2] set a

---

[1] This Court has thoroughly reviewed the parties' papers and its records to reach its ruling. This Court takes exception with Mr. Abbott's unprofessional, discourteous comments directed to Wells Fargo, its counsel and this Court and would expect more even tempered comments from an attorney of Mr. Abbott's experience.

[2] This Court refers to its former Local Rules which were in effect at the time at issue. Former Local Rule 73-230(c) provided in part:

> Opposition, if any, to the granting of the motion shall be in writing and shall be filed with the Clerk not less than fourteen (14) days preceding the noticed (or continued) hearing date. Opposition shall

2

deadline no later than November 17, 2009 to file and serve papers to oppose the motion to dismiss.

Mr. Abbott filed no timely papers to oppose dismissal of Mr. and Mrs. Vincent's claims. This Court's November 18, 2009 order ("November 18 order") dismissed Mr. and Mrs. Vincent's claims in that:

1. "The complaint alleges no facts of Wells Fargo's cognizable duty to plaintiffs to support a negligence claim";

2. "The complaint alleges no facts to support a fiduciary relationship"; and

3. "No apparent federal statute or regulation imposes on Wells Fargo duties which the complaint alleges."

Pursuant to this Court's practice under the Local Rules, this Court vacated the December 1, 2009 hearing and issued the November 18 order.[3] The clerk entered a November 18, 2010 judgment in favor of Wells Fargo and against Mr. and Mrs. Vincent.

Mr. Abbott's November 19, 2009 letter to defense counsel acknowledged his receipt of the November 18 order by email (and presumably through this Court's electronic filing and service system).

### Mr. And Mrs. Vincent's Motion For Relief Of Judgment

On July 20, 2010, Mr. Abbott filed for Mr. and Mrs. Vincent a F.R.Civ.P. 60(b) motion to set aside the judgment on grounds the November 18 order "was entered without a hearing and without notice to Plaintiffs." Mr. Abbott claims that Wells Fargo's moving papers were "never served on Plaintiffs." Mr. Abbott argues that the clerk "should not have accepted for filing" Wells Fargo's moving papers with "defective proof of service, not showing 'conventional service.'" Mr. Abbott claims that the moving papers were "not properly served" so that "Plaintiffs did not have notice of Defendant's intentions" and this "Court granted the motion without having received any opposition from Plaintiffs

---

be personally on opposing counsel not less than fourteen (14) days preceding the hearing date (personal service) or mailed or electronic service not less than seventeen (17) days preceding the hearing date. . . . No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party.

[3] Former Local Rule 78-230(h) empowered this Court to consider Wells Fargo's motion to dismiss on the record without oral argument.

3

and without a hearing, two weeks before the scheduled hearing date!" In his reply papers, Mr. Abbott acknowledges that his office received "an email from Pacer that Wells Fargo had filed something" and that "there was a pleading on Pacer."

## DISCUSSION

### F.R.Civ.P. 60(b) Relief Of Judgment Standards

F.R.Civ.P. 60(b)(1) permits relief from final judgment on grounds of "mistake, inadvertence, surprise, or excusable neglect." F.R.Civ.P. 60(b) relief is not a matter of right and rests in the trial court's sound discretion. *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997); *de la Torre v. Continental Ins. Co.*, 15 F.3d 12, 14 (1st Cir. 1994); *see Carter v. United States*, 973 F.2d 1479, 1489 (9th Cir. 1992). F.R.Civ.P. 60(b) relief may be granted "only upon an adequate showing of exceptional circumstances." *Richards v. Aramark Services, Inc.*, 108 F.3d 925, 927 (8th Cir. 1997); *Massengall v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994); *United States v. Bank of New York*, 14 F.3d 756, 757 (2nd Cir. 1994).

A motion for F.R.Civ.P. 60(b)(1) relief "must be made within a reasonable time . . . no more than a year after entry of the judgment." F.R.Civ.P. 60(c)(1).

### Electronic Filing And Service

The thrust of Mr. Abbott's claim for relief is that he was not provided Wells Fargo's moving papers by "conventional service," that is, by mail or personal delivery. However, he acknowledges notice of Wells Fargo's electronic filing.

"The Eastern District of California is an electronic case management/filing district (CM/ECF)" and has been since 2005. Former Local Rule 5-133(a). "[A]ttorneys shall file all documents electronically." Former Local Rule 5-133(a).

Former Local Rule 5-135 addressed service of documents and provided in part:

> **(a) Service of Electronic Documents.** "Service" as utilized in these Rules includes electronic service as set forth in the CM/ECF procedures in these Local Rules. "Notice of Electronic Filing" is a notice automatically generated by CM/ECF at the time a document is filed with the system. When counsel have consented to electronic service, see L.R. 5-135(g), this Notice will constitute automatic service of the document on all others who have consented. . . .
>
> **(b) Conventional Service.** If persons are not registered for the CM/ECF system, e.g., prisoners or pro se litigants, or have not consented to receive electronic service, the

4

Notice will identify the persons who were not electronically served.  Persons who were not electronically served must be conventionally served. . . .

. . .

**(g) Attorney Registration for Electronic Filing.**  All attorneys who wish to file documents in the Eastern District of California must be admitted to practice or admitted to appear pro hac vice.  Admission to practice in the Eastern District of California includes the requirement that the attorney complete an e-filing registration form and receive a username and password.  Completion of the registration form will permit electronic filing of documents and, unless an attorney opts out, will authorize acceptance of service by electronic means. . . .

**(1) Consent to Service.**  Unless an attorney opts out by designating such on the registration form, registration as a filing user constitutes: (1) consent to receive service electronically and waiver of the right to receive service by first class mail pursuant to Fed. R. Civ. P. Rule 5(b)(2)(E)[4] . . . (2) consent to making electronic service and waiver of the right to make service by personal service or first class mail pursuant to Fed. R. Civ. P. Rule 5(b)(2)(E). . . . (Bold in original.)

This Court's records reflect that since October 25, 2004, Mr. Abbott has been registered with this Court's CM/ECF and that until March 2010, his email address for service was michaelabbott@mindspring.com on which Wells Fargo served its moving papers.  As such, under former Local Rule 5-135(g)(1), Mr. Abbott consented to electronic service of Wells Fargo's moving papers to effectuate service under F.R.Civ.P. 5(b)(2)(E).  Moreover, this Court's records reveal no failure to deliver Wells Fargo's moving papers to Mr. Abbott's email address registered with the Court as of October 23, 2009.  Mr. Abbott acknowledges email notification of a pleading but apparently took no action to ascertain what it was.  Assuming that Mr. Abbott received only notice of a "pleading," reasonable practice would be to ascertain whether it was a motion to dismiss given the timing of the pleading.

Mr. Abbott's claim of lapsed experienced with this Court's electronic filing is unpersuasive.  A review of this Court's record reveals that Mr. Abbott was defense counsel before this Court in *United States v. Ersul Sanders, Jr.*, Case No. CV F 05-1110 OWW SMS, an action which remained open until early 2007.  Mr. Abbott appears as a defense counsel before this Court in *United States v. Lien C. Thomas, et al.,* Case No. CV F 02-6578, and filed motion papers on August 11, 2010.  Mr. Abbott has

---

[4] Pursuant to F.R.Civ.P. 5(b)(2)(E), a paper is served by "sending it by electronic means if the person consented in writing – in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served."

1 appeared as counsel in no less than ten other actions before this Court.

2 Moreover, relief from judgment is unavailable based on this Court's issuance of the November 18 order and vacating the December 1, 2009 hearing. As noted above, this Court is not required to entertain oral argument and construed Mr. and Mrs. Vincent's absence of opposition as concession of the absence of merit of their claims against Wells Fargo. Mr. Abbott has neither filed (belatedly) nor requested leave (belatedly) to oppose Wells Fargo's motion to dismiss which this Court found well supported.

Mr. Abbott is unable to establish "mistake, inadvertence, surprise, or excusable neglect" to support relief from judgment. Mr. Abbott attempts to manufacture "surprise" from his lack of adherence to this Court's Local Rules. The record fails to suggest that service of Wells Fargo's moving papers on Mr. Abbott's email address was improper or unsuccessful.

### Untimeliness Of Requested Relief

Wells Fargo challenges delay to seek relief from judgment as "unreasonable." Wells Fargo notes that Mr. Abbott was aware of dismissal on November 19, 2009 but delayed eight months to seek relief from judgment. Wells Fargo characterize Mr. and Mrs. Vincent as having "offered exactly zero reason or excuse for waiting all that time to file the Motion."

This Court agrees that the unexplained eight-month delay raises reasonableness questions to further warrant denial of relief from judgment.

### Merits Of Dismissal

Wells Fargo explains that given the absence of Mr. and Mrs. Vincent's valid claims, relief from judgment "would be an idle act."

Wells Fargo raises a valid point. This Court carefully considered Wells Fargo's points to support dismissal and found them substantiated to warrant dismissal of this action. Mr. and Mrs. Vincent point to nothing to suggest otherwise.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES Mr. and Mrs. Vincent and their counsel

/ / /

/ / /

1  relief from judgment.

2          IT IS SO ORDERED.

3  **Dated:**   **August 23, 2010**            **/s/ Lawrence J. O'Neill**
                                                       UNITED STATES DISTRICT JUDGE